UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHIRLEY BRYANT,<br><br>    Petitioner,<br><br>    v.<br><br>MICHAEL J. ASTRUE,[1]<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Respondent. | No. ED CV 06-403-PLA<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.

## PROCEEDINGS

Plaintiff filed this action on April 20, 2006, seeking review of the Commissioner's denial of her application for Disability Insurance Benefits and Supplemental Security Income payments. The parties filed Consents to proceed before the undersigned Magistrate Judge on May 17 and May 18, 2006. Pursuant to the Court's Order, the parties filed a Joint Stipulation on February 8, 2007, that addresses their positions concerning the disputed issue in the case. The Court has taken the Joint Stipulation under submission without oral argument.

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 1, 2007. Joint Stipulation, at 1.

II.

## BACKGROUND

Plaintiff was born on March 24, 1948. [Administrative Record ("AR") at 61.] She has a twelfth grade education, and past work experience as a customer service clerk and supervisor, and as a secretary. [AR at 76, 79-86.]

On January 26 and January 27, 2004, plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income payments. [AR at 61-63.] Plaintiff alleges that she has been unable to work since December 15, 2001, due to degenerative disc disease. [AR at 70.] After her applications were denied initially and on reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on August 9, 2005, at which plaintiff appeared with counsel and testified on her own behalf. A vocational expert also testified. [AR at 225-58.] On September 18, 2005, the ALJ determined that plaintiff is able to perform sedentary work with a sit/stand option,[2] and therefore is not disabled. [AR at 11-17.] When the Appeals Council denied review on March 27, 2006, the ALJ's decision became the final decision of the Commissioner. [AR at 4-6.]

III.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as

---

[2] Sedentary work is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257.  When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner.  Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035, 1040-41 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

## IV.

## THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A); Drouin, 966 F.2d at 1257.

### A.  THE FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996).  In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied.  Id.  If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied.  Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded.  Id.

If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform her past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that she is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. The Commissioner then bears the burden of establishing that the claimant is not disabled, because she can perform other substantial gainful work available in the national economy. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B.     THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

In this case, at step one, the ALJ concluded that plaintiff has not engaged in substantial gainful activity since the alleged onset of disability.[3] [AR at 13.] At step two, the ALJ concluded that plaintiff has the severe impairments of problems with her lumbar spine and cervical spine, and hypertension. [AR at 13.] At step three, the ALJ found that plaintiff's impairments do not meet or equal the requirements of any of the impairments in the Listings. [AR at 14.] The ALJ determined at step four that plaintiff could perform her past relevant work as a customer service office supervisor and secretary. [AR at 16.] Accordingly, the ALJ found plaintiff not disabled and thus not entitled to benefits. [AR at 11-17.]

/
/
/
/
/

---

[3] The ALJ also determined that plaintiff meets the insured status requirements through December 31, 2007. [AR at 11.]

## V.

## THE ALJ'S DECISION

Plaintiff contends that the ALJ failed to make proper credibility findings. Joint Stipulation ("Joint Stip.") at 2-6, 8-9. For the reasons discussed below, the Court respectfully disagrees, and affirms the ALJ's decision.

**THE ALJ'S ASSESSMENT OF PLAINTIFF'S CREDIBILITY**

During the administrative hearing, plaintiff testified that she has "a lot of pain" with spasms that "ricochet down to [her] leg." As a result, she does not sleep well. She also has pain in her upper back that runs to her head and down her arm. The pain in her back is a "burning" pain, while the pain in her legs is "like somebody is scratching the inside of the skin." [AR at 231-32.] She rates her neck pain as an 8-1/2 on a scale of 10, but it sometimes gets worse to the point where she cannot move her arms. She rates her back and leg pain as a 9. Nothing relieves the pain; her medications only suppress it a little. [AR at 234.] Plaintiff can care for her personal needs, but does no cooking or household chores. [AR at 238.] She walks only short distances, goes to church at least once a week, and can only lift up to a quart of milk. [AR at 239.] Plaintiff experiences headaches every other day [AR at 245], and she spends about five hours a day lying down between the hours of 9:00 and 5:00. [AR at 247.]

In his decision, the ALJ indicated that he considered plaintiff's subjective complaints and allegations, and found

> her statements concerning the intensity, duration and limiting effects of these symptoms . . . only partially credible. That is, I find her allegations of being essentially incapacitated by back and neck pain to be disproportionate to the level expected from the clinical signs and objective findings, with the fact that her treating physicians have not assessed any limitations for her, and with the minimal, conservative treatment provided. I also note that while she sat oddly during the hearing, she exhibited fully flexible back and neck movements during the proceedings.

[AR at 16.]

/

/

5

Plaintiff claims that the ALJ rejected her testimony without identifying which portions of the testimony he found to be not credible. According to plaintiff, the ALJ rejected her subjective statements "solely because they were not supported by the existing medical evidence." Joint Stip. at 5.

Because plaintiff produced medical evidence of an underlying impairment that is reasonably likely to cause the alleged symptoms, medical findings are not required to support their alleged severity. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991); see also Light v. Social Security Admin., 119 F.3d 789, 792 (9th Cir. 1997) ("[B]ecause a claimant need not present clinical or diagnostic evidence to support the severity of his pain ... a finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain."); Byrnes v. Shalala, 60 F.3d 639, 641-42 (9th Cir.1995) (applying Bunnell to subjective physical complaints); see also Goodenow-Boatsman v. Apfel, 2001 WL 253200, *3 (N.D.Cal. Feb. 27, 2001) ("The same rule applies to other types of subjective symptoms beside pain.").

The ALJ can reject plaintiff's allegations "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003). The following factors may be considered in weighing a plaintiff's credibility: (1) her reputation for truthfulness; (2) inconsistencies either in the plaintiff's testimony or between the plaintiff's testimony and her conduct; (3) her daily activities; (4) her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); see also 20 C.F.R. §§ 404.1529(c), 416.929(c). "General findings are insufficient." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ must state which testimony is not credible and identify the evidence that undermines the plaintiff's complaints. Id.; Benton, 331 F.3d at 1041. If properly supported, the ALJ's credibility determination is entitled to "great deference." Green v. Heckler, 803 F.2d 528, 532 (9th Cir. 1986).

For the following reasons, the Court concludes that the ALJ properly rejected plaintiff's testimony. As an initial matter, the Court notes that the record contains evidence of plaintiff's underlying impairments, and that no clear indication of malingering is apparent. The ALJ was thus

required to justify his credibility decision with clear and convincing reasons. Benton, 331 F.3d at 1040. As set forth below, the Court has considered the ALJ's reasons for the unfavorable determination, and finds that they meet this standard.

First, plaintiff's assertion that the ALJ failed to indicate which of plaintiff's symptoms were credible and which were not is not accurate. Indeed, the ALJ found that "her allegations of being essentially incapacitated by back and neck pain" were not in line with the medical evidence. This sufficiently describes the testimony that the ALJ found to be lacking in credibility.

Next, the absence of objective evidence to support the severity of plaintiff's complaints can be a valid reason to reject credibility -- as long as there are other reasons to reject those complaints. "Symptoms can sometimes suggest a greater severity of impairment than is demonstrated by objective and medical findings alone . . . [D]irect medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced . . . The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints." Luna v. Bowen, 834 F.2d 161, 165 (10th Cir. 1987) (quoting Polaski v. Heckler, 751 F.2d 943, 948 (8th Cir. 1984), vacated and remanded on other grounds, 476 U.S. 1167, 106 S.Ct. 2885, 90 L.Ed.2d 974 (1986)); see also Bunnell, 947 F.2d at 345-47 (an "adjudicator may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence.") (emphasis added). Thus, the ALJ properly could consider plaintiff's alleged pain in comparison with the objective medical evidence as one reason to discredit plaintiff's testimony.[4] Here, other valid reasons were given as well.

---

[4] The medical evidence consisted in part of: 1. a November, 2003, MRI revealing mild degenerative disk disease and small disk protrusion with mild spinal stenosis [AR at 160]; 2. a November, 2004, study showing a mild marginal spur, and no significant subluxation or fracture at plaintiff's neck [AR at 206]; and 3. a January, 2005, MRI of plaintiff's neck revealing degenerative disk disease with slight bulging of the disk, and mild narrowing of the central canal and minimal narrowing of the neural foramina on the left side. [AR at 203.] Plaintiff does not cite any objective evidence that would contradict the ALJ's conclusion that her allegations are disproportionate with the evidence.

The ALJ properly noted that plaintiff's treating physicians have not assessed any limitations for her. Plaintiff does not point to any evidence that would dispute this assertion. Rather, a consultative examiner concluded on two separate occasions that plaintiff could perform at least light work. [AR at 138-41, 166-69.] The lack of restrictions -- and certainly the lack of restrictions as severe as those asserted by plaintiff -- serve to undercut her testimony. See Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (ALJ properly relied on claimant's testimony that was inconsistent with the medical evidence, as well as claimant's use of a cane despite no doctor indicating a cane was needed, to disregard his complaints of excess pain and fatigue).

In addition, the ALJ relied on the fact that plaintiff's treatment has been minimal and conservative. In March 2002, her physicians saw "no indication for anything but conservative treatment." [AR 128.] Plaintiff declined epidural injections in May, 2002. [AR at 133.] She has never been hospitalized for her condition. [AR at 237.] The Court finds this reason sufficiently convincing, as it is reasonable to assume that an individual experiencing the debilitating symptoms alleged by plaintiff would require more aggressive treatment than what is reflected in the record. See Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (conservative medical treatment could suggest lower level of pain and functional limitation).

Finally, the inclusion by the ALJ of his observations of plaintiff at the hearing does not render the decision improper. See Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). Rather, the fact that plaintiff exhibited symptoms -- fully flexible back and neck movements -- that are inconsistent with her testimony, but consistent with the medical evidence, makes these observations proper. Verduzco, 188 F.3d at 1090.

For the foregoing reasons, plaintiff has failed to establish that the ALJ improperly rejected her hearing testimony. Accordingly, in light of the deference afforded to the ALJ's credibility determination, the decision is affirmed.

/
/
/
/

8

## VI.

## **CONCLUSION**

**IT IS HEREBY ORDERED** that: 1. plaintiff's request for reversal, or in the alternative, remand, is **denied**; and 2. the decision of the Commissioner is **affirmed**.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: February 14, 2007

/S/
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE